Patrick R. Leverty, Esq.
**LEVERTY & ASSOCIATES LAW CHTD.**
832 Willow Street
Reno, Nevada 89502
(775) 322-6636 phone
(775) 322-3953 fax
pat@levertylaw.com

[Additional counsel on signature block.]

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CV SCIENCES, INC., MICHAEL MONA, JR., JOSEPH D. DOWLING, MICHAEL MONA, III,<br><br>Defendants. | Case No. 2:18-CV-01602 _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David Smith ("Plaintiff"), by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief as to all other matters, based upon the investigation conducted by and through his attorneys, which included, among other things, a review of documents filed by Defendants (defined below) with the United States Securities and Exchange Commission (the "SEC"), news reports, press releases issued by Defendants, and other publicly available documents, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a federal securities class action on behalf of all investors who purchased or otherwise acquired Defendant CV Sciences, Inc. ("CVSI" or the "Company") common stock between June 19, 2017 through August 20, 2018 (the "Class Period").

2. CVSI claims to have two business divisions: pharmaceuticals and consumer products. The pharmaceutical division develops "synthetically-formulated cannabidiol-based

medicine," while the consumer products division "delivers botanical-based cannabidiol products that enhance quality of life."

3. The Company's chief pharmaceutical product is identified as CVSI-007, a chewing gum product that combines cannabidiol and nicotine in treatment of smokeless tobacco use and addiction. The Company described CVSI-007 to the public as its "lead drug candidate" with a market that has been estimated at "greater than $2 billion," providing an important growth channel for CVSI.

4. On May 16, 2016, CVSI filed a patent application with the US Patent Trademark Office ("USPTO") for CVSI-007, titled "Pharmaceutical Formulations Containing Cannabidiol and Nicotine For Treating Smokeless Tobacco Addiction." On February 7, 2017, CVSI filed a continuing patent application under the same title, Patent #15/426,617 ("Patent").

5. On April 27, 2017, the USPTO made a non-final rejection decision on the Company's Patent and mailed CVSI a letter indicating the non-final rejection status of its Patent on June 6, 2017.

6. On December 14, 2017, the USPTO made a *final* rejection decision on the Company's Patent and mailed CVSI a letter indicating the *final* rejection status if its Patent on December 20, 2017.

7. The Company has never disclosed this material information to the public, neither through its several SEC disclosures nor through any other forum. Since the rejection of the Patent on April 27, 2017, CVSI has discussed CVSI-007 in four Form 8-K reports, four Form 10-Q reports, and a Form 10-K report for fiscal 2017—*none* of which disclose or indicate the Patent's rejected status.

8. On August 20, 2018, Citron Research published a report exposing the Defendants' failure to disclose the December 14, 2017 final rejection of the Patent.

9. Upon publication of the news that the Patent application of the Company's chief pharmaceutical product had been rejected, CVSI stock plunged over 63%, from $9.20 to $3.40.

/ / / /

/ / / /

**JURISDICTION AND VENUE**

10. The federal law claims asserted herein arise under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, as well as under the common law.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act, 15 U.S.C. § 78aa.

12. This Court has jurisdiction over each Defendant named herein because each Defendant is an individual or corporation who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in this District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b), as CVSI has its principal executive offices located in this District and conducts substantial business therein.

14. In connection with the acts, omissions, conduct and other wrongs in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including but not limited to the United States mail, interstate telephone communications, and the facilities of the over-the-counter securities market.

**PARTIES**

15. Plaintiff David Smith was a shareholder of CVSI during the Class Period, as set forth in the accompanying certification, which is incorporated by reference herein. Plaintiff has been damaged by the revelation of Defendants' material misrepresentations and material omissions.

16. Defendant CV Sciences, Inc., is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. CVSI trades on the over-the-counter market under the ticker symbol "CVSI."

17. Defendant Michael Mona, Jr., the Company's founder, served as President, Chief Executive Officer, and a Director of the Company from January 2013 until May 2018. Since May 2018, Mr. Mona has served as Founder Emeritus.

18. Defendant Joseph D. Dowling has served as the Company's Chief Executive Officer since May 2018. He has also served as Chief Financial Officer since June 2014.

19. Defendant Michael Mona, III, has served as the Company's Chief Operating Officer since March 2017 and a Director since May 2016.

20. The Defendants listed in Paragraphs 17-19 are collectively referred to herein as the "Individual Defendants."

## ALLEGATIONS

*CV Sciences, Inc. Receives Notice of Both Non-Final and Final Rejection of its Patent.*

21. In 2016, CVSI submitted an application to the U.S. Patent Trademark Office to patent its principal pharmaceutical product, CVSI-007, titled "Pharmaceutical Formulations Containing Cannabidiol and Nicotine For Treating Smokeless Tobacco Addiction." On February 7, 2017, CVSI filed a continuing patent application under the same title, Patent #15/426,617.

22. CVSI-007 is a chewing gum containing nicotine and synthetic cannabidiol to support cessation of smokeless tobacco use and addiction. The Company described CVSI-007 to the public as its "lead drug candidate" in its pharmaceutical division, which is based on "proprietary formulations, processes and technology that we believe are patent-protectable" and has a market that has been estimated at "greater than $2 billion," providing an important growth channel for CVSI.

23. On April 27, 2017, the USPTO made a non-final rejection decision on the Patent. Moreover, the USPTO mailed CVSI a letter indicating the non-final rejection of its Patent on June 6, 2017.

24. On December 14, 2017, the USPTO made a *final* rejection decision on the Patent and mailed CVSI a letter indicating the *final* rejection status if its Patent on December 20, 2017.

*Defendants Fail to Disclose to Investors That CV Sciences, Inc.'s Patent Has Been Rejected.*

25. After being notified of both the non-final and subsequent final rejection decisions on the Patent, Defendants failed to make any disclosures or statements regarding the Patent's status, despite the Company's self-proclaimed "effective" disclosure controls and procedures.

26. First, on June 19, 2017, CVSI issued a press release specifically regarding the "plan for CVSI-007, the Company's patent-pending product for smokeless tobacco addiction therapy consisting of nicotine-polacrilex chewing gum in combination with synthetic cannabidiol (CBD)." Then-President and Chief Executive Officer Michael J. Mona, Jr. commented that the Company had "a favorable development roadmap for this important combination drug candidate" and further explained that CVSI-007 was based on the Company's "own proprietary research." However, the press release failed to mention that the Company was mailed a non-final rejection of its Patent a mere thirteen days prior.

27. On August 11, 2017, the Company filed Form 10-Q for Q2 of fiscal 2017, signed by then-President and Chief Executive Officer Michael Mona, Jr. and Chief Financial Officer Joseph D. Dowling, which covered the period of April 1, 2017 to June 30, 2017. It stated: **"The Company's product candidates are based on proprietary formulations, processes and technology that we believe are patent-protectable, and we plan to vigorously pursue patent protection."** Although Defendants first learned that the Patent's status changed from "petition entered" to "non-final rejection" during this period, Defendants failed to disclose the material change of the Patent's status.

28. Furthermore, the Company released a Corporate Update to its investors on September 12, 2017, in which CVSI discusses the drug development program and market potential for CVSI-007. The Company describes CVSI-007 as its "lead drug candidate" with "**proprietary technology** (patent pending)" but failed to alert its investors of the rejected status of the Patent.

29. In the Company's Form 10-Q Report for Q3 of fiscal 2017, filed on November 8, 2017 and signed by then-President and Chief Executive Officer Michael Mona, Jr. and Chief Financial Officer Joseph D. Dowling, Defendants again failed to disclose that they had knowledge of the rejected status of the Patent and stated: **"The Company's product candidates are based on proprietary formulations, processes and technology that we believe are patent-protectable, and we plan to vigorously pursue patent protection."**

30. On March 30, 2018, CVSI filed Form 10-K for fiscal year 2017, signed by then-President and Chief Executive Officer Michael Mona, Jr., Chief Financial Officer Joseph D. Dowling, and Chief Operating Officer Michael Mona, III, which included a description of the Company's current operations for the pharmaceuticals division. Once again, the Company failed to disclose the Patent's failure and the Patent was instead discussed in generic terms:

> The Company's first patent-pending product candidate, CVSI-007, combines CBD and nicotine in treatment of smokeless tobacco use and addiction. There are currently no drugs approved by the U.S. Food & Drug Administration ("FDA") for treatment of smokeless tobacco use and addiction. We believe this product candidate will provide treatment options for this significant unmet medical need. The Company is hopeful to be in a position to file an Investigational New Drug Application ("IND") with the FDA in the next 12 months. We completed a pre-IND meeting with the FDA in June 2017 and obtained guidance on this development program. **CVSI-007 is based on proprietary formulations, processes and technology that we believe are patent-protectable. In May 2016, we filed a patent application for these formulations and processes with the U.S. Patent and Trademark Office.**

Despite having knowledge of the *final* rejection status of the Patent prior to the filing, the Defendants continued to wrongfully project to the public that CVSI-007 was patent-protectable.

31. Likewise, in Form 10-Q for Q1 of fiscal 2018, filed on May 14, 2018 and signed by then-President and Chief Executive Officer Michael Mona, Jr. and Chief Financial Officer Joseph D. Dowling, Defendants failed to disclose any and all information regarding the rejected Patent. Once again in the 10-Q, the Defendants did not indicate that they knew CVSI-0007 had a final rejection status on its Patent and only included the following language: **"The Company's product candidates are based on proprietary formulations, processes and technology that we believe are patent-protectable, and we plan to vigorously pursue patent protection on the Company's two drug candidates."**

32. On June 26, 2018, Chief Executive Officer and Chief Financial Officer Joseph D. Dowling sent a statement to CVSI's shareholders, stating that its "patent-pending drug candidate (CVSI-007)" has a market that has been estimated at "greater than $2 billion and provides another important growth channel for our Company." Mr. Dowling was eager to project growth to the

6

1  Company's shareholders based on the Patent that had carried a final rejected status for over six
2  months.

3      33.    On August 1, 2018, the Company filed Form 10-Q for Q2 of fiscal 2018, signed by
4  Chief Executive Officer and Chief Financial Officer Joseph D. Dowling, and again failed to
5  inform its investors that Defendants knew the Patent was rejected, stating only: **"The Company's**
6  **product candidates are based on proprietary formulations, processes and technology that**
7  **we believe are patent-protectable, and we plan to vigorously pursue patent protection on the**
8  **Company's two drug candidates."**

9      34.    Finally, on August 1, 2018, the Company issued a press release reporting second
10 quarter 2018 financial results. In the press release, Chief Executive Officer and Chief Financial
11 Officer Joseph D. Dowling stated, "Our drug development program is making steady progress in
12 advancing our **proprietary lead drug candidate – CVSI-007** – which addresses the multibillion
13 dollar smokeless tobacco use and addiction market." This press release, like each disclosure and
14 statement that came before it, failed to inform the public that the Patent for CVSI-007 was
15 rejected.

16 ***CVSI Stock Plummets 63% After the Patent's Rejection is Revealed.***

17     35.    As of August 20, 2018, the Company failed to disclose USPTO's rejection of the
18 Patent to its investors.

19     36.    On August 20, 2018, Citron Research published a report, via Twitter, exposing the
20 Defendant's failure to disclose the final rejection of its Patent on December 14, 2017 and the
21 mailed notice of final rejection on December 20, 2017.

22     37.    Upon the Citron Research report, the stock plunged from $9.20 to $3.40—a loss of
23 over 63%.

24                           **CLASS ACTION ALLEGATIONS**

25     38.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal
26 Rules of Civil Procedure on behalf of a Class of all persons and entities who purchased or
27 otherwise acquired CVSI common stock between June 19, 2017 and August 20, 2018. Excluded
28

from the Class are Defendants, directors, and officers of CVSI, as well as their families and affiliates.

39. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes there are hundreds, if not thousands, of members in the proposed Class. As of August 22, 2018, the Company had 90,660,000 shares outstanding. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

40. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

   a. Whether the Exchange Act was violated by Defendants;
   b. Whether Defendants omitted and/or misrepresented material facts;
   c. Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;
   d. Whether Defendants knew or recklessly disregarded that their statements were false and misleading;
   e. Whether the price of the Company's stock was artificially inflated; and
   f. The extent of damage sustained by Class members and the appropriate measure of damages.

41. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct alleged herein.

42. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests that conflict with those of the Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. As the damages suffered by individual Class members may be

1  relatively small, the expense and burden of individual litigation makes it impossible of members
2  of the Class to individually redress the wrongs done to them.

## FRAUD ON THE MARKET

44. Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine that, among other things:

   a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
   b. The omissions and misrepresentations were material;
   c. The Company's common stock traded in efficient markets;
   d. The misrepresentations alleged herein would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and
   e. Plaintiff and other members of the Class purchased CVSI common stock between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

45. At all relevant times, the markets for CVSI common stock were efficient for the following reasons, among others: (i) CVSI filed periodic public reports with the SEC; and (ii) CVSI regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the major news wire serves and through other wide-ranging public disclosures such as communications with the financial press, securities analysts, and other similar reporting services. Plaintiff and the Class relied on the price of CVSI common stock, which reflected all information in the market, including the misstatements by Defendants.

## NO SAFE HARBOR

46. The statutory safe harbor provided for forward-looking statements under certain statements does not apply to any of the allegedly false statements pleaded in this Complaint. The specific statements pleaded herein were not identified as forward-looking statements when made.

47. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.

## LOSS CAUSATION

48. On August 20, 2018, Citron Research published a report exposing the Defendants' failure to disclose the Company's December 14, 2017 final rejection of the its chief Patent. Upon this news, CVSI stock plunged on August 20, 2018 from $9.20 to $3.40—a loss that amounts to 63%. This decline is directly attributable to the information provided by the Citron Research report.

## CAUSES OF ACTION
## COUNT I
**Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder**
**(Against All Defendants)**

49. Plaintiff repeats and realleges each and every allegation contained above as it fully set forth herein.

50. During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

51. Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon those who purchased or otherwise acquired the Company's securities during the Class Period.

52. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for the Company's common stock. Plaintiff and the Class would not have purchased the Company's stock at the price paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

**COUNT II**
**Violation of § 20(a) of the Exchange Act**
**(Against Individual Defendants)**

53. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions at the Company, the Individual Defendants had the power and authority to cause or prevent the Company from engaging in the wrongful conduct complained of herein. The Individual Defendants were provided with or had unlimited access to the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading both prior to and immediately after their publication, and had the ability to prevent the issuance of these materials or to cause them to be corrected so as not to be misleading.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class as defined herein, and a certification of Plaintiff as class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff's counsel as Lead Counsel;

b. Awarding compensatory and punitive damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount proven at trial, including pre-judgment and post-judgment interest thereon;

c. Awarding Plaintiff and other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

////
////

    d. Awarding Plaintiff and the other Class members such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action of all issues so triable.

August 24, 2018         Respectfully submitted,

                /s/ Patrick R. Leverty
                Patrick R. Leverty
                **LEVERTY & ASSOCIATES LAW CHTD.**
                832 Willow Street
                Reno, Nevada 89502
                (775) 322-6636 phone
                (775) 322-3953 fax
                pat@levertylaw.com

                Jeffrey C. Block, *pro hac vice forthcoming*
                Jacob A. Walker, *pro hac vice forthcoming*
                **BLOCK & LEVITON LLP**
                155 Federal Street, Suite 400
                Boston, Massachusetts 02110
                (617) 398-5600 phone
                jeff@blockesq.com
                jake@blockesq.com

                *Attorneys for Plaintiff*

**PLAINTIFF'S CERTIFICATION OF SECURITIES
FRAUD CLASS ACTION COMPLAINT**

I, **David Smith,** hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1. I have reviewed, and authorize the filing on my behalf of, the draft complaint regarding **CV Sciences** (the "Company").

2. I did not purchase the securities which are the subject of the complaint at the direction of counsel, or in order to participate in any private action arising under the federal securities laws.

3. My transactions in the Company's securities during the Class Period are as follows:

| Date | Transaction Type (Buy/Sell) | Quantity of Shares | Price Per Share |
|---|---|---|---|
| 08/20/2018 | Buy | 900 | $6.61 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4. I am willing to serve as a representative party on behalf of the class in this action, including providing testimony at deposition and trial, if necessary.

5. During the three-year period preceding the date of my signing this Certification, I have never sought to be appointed nor have I ever been appointed as lead plaintiff or class representative in any class action arising under the securities laws of the United States.

6. I will not accept any payment for serving as a representative party on behalf of the Class beyond my pro rata share of any possible recovery, except for an award, as ordered or approved by the court, for reasonable costs and expenses (including lost wages) directly relating to my representation of the Class.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **August 20, 2018** at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **Hollywood, FL 33020**.

*DAVID SMITH*

**David Smith**