# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Richard Ina, et al., | Case No.: 2:18-cv-01602-JAD-BNW |
| Plaintiffs | |
| v. | **Order Overruling Objections to the Magistrate Judge's Discovery Order** |
| CV Sciences, Inc., et al., | [ECF Nos. 116, 117] |
| Defendants | |

Last year in this securities-fraud case, Magistrate Judge Brenda Weksler held that defendants Michael Mona, Jr. and Michael Mona, III had waived any objections to plaintiff Richard Ina's interrogatories and requests for production when the Monas missed the already extended deadline to respond. The magistrate judge also denied as untimely the motion of the Monas' former employer, defendant CV Sciences', for a protective order for the Monas' responses. The defendants lodge limited objections to those rulings, arguing that (1) the magistrate judge did not give enough weight to the harshness of waiver and (2) the company timely preserved its privilege, so it should not be punished for the Monas' tardiness. I find that the defendants have not identified an objectionable error in the magistrate judge's order, so I overrule their objections.

## Background

Years ago, CV Sciences began developing a cannabidiol product to treat nicotine use and addiction.[1] But according to Ina, the company was never able to obtain some patents that it needed, and it hid that rejection from its investors.[2] When the failed-patent information became

---

[1] ECF No. 30 at ¶ 3.
[2] *Id.* at ¶ 8.

public, the company's stock price nosedived.[3] Ina, as a trustee for his family trust and on behalf of all investors who purchased the company's common stock in 2017 and 2018, sues CV Sciences and its officers and directors for securities fraud.

In April 2020, Ina served his first set of discovery requests on CV Sciences and the Monas.[4] The requests were identical and sent to all the parties in a single email.[5] When the first deadline to respond to those requests came, the Monas sought and received a 30-day extension from Ina.[6] On that new deadline, only the company sent its responses to the discovery requests. Fifteen days later, the Monas sent their responses, which were largely a copy-and-paste of the company's responses.[7] Considering most of the Monas' responses to be deficient, counsel for the plaintiff and for the Monas began a series a meet-and-confers during which the plaintiff maintained his position that the Monas had waived any objections to his discovery requests.[8] The company participated in only the final two meetings.[9] During the final meet and confer, Ina indicated that he could no longer wait for the parties to resolve their document-production dispute.[10]

---

[3] *Id.* at ¶ 10.
[4] ECF No. 88-23.
[5] *See id.*
[6] ECF No. 88-24.
[7] ECF Nos. 88-25, 88-19.
[8] ECF Nos. 88-2, 88-3, 88-4, 88-5.
[9] ECF Nos. 88-4, 88-5.
[10] ECF No. 88-5 at 3.

So in early October, Ina moved to compel proper responses from the Monas and to deem their objections to his requests waived.[11] The next day, the Monas moved to substitute their counsel.[12] After the magistrate judge granted the substitution motion, the Monas and CV Sciences sought to excuse their conduct and moved for a protective order.[13] At a hearing in December, Magistrate Judge Weksler granted Ina's motion to compel in part and found that the Monas had waived any objection to the April 2020 discovery requests. She also concluded that the company's motion for a protective order was untimely, and she denied it. The defendants object only to her finding of attorney-client-privilege waiver.

## Discussion

### I. Standard of review

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[14] This standard of review "is significantly deferential" to the magistrate judge's determination.[15] A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of

---

[11] ECF No. 88. Ina also moved to compel the defendants to respond to his interrogatories and to deem his untimely requests for admissions admitted. The defendants' objections to the magistrate judge's findings here concern only her rulings about the requests for production.

[12] ECF No. 90. Though the defendants were initially represented by the same firm, they split their representation in late 2019. ECF No. 69 at ¶ 3.

[13] ECF No. 98.

[14] L.R. IB 3-1(a).

[15] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

3

fact] has been committed"[16] or a relevant statute, law, or rule has been omitted or misapplied.[17] Under this court's local rules, a "district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate judge with instructions."[18]

**II.    The Mona defendants' objection [ECF No. 116]**

"It is well established that a failure to object to discovery requests within the time required constitutes waiver of any objection."[19] This includes waiver of an objection based on the attorney-client privilege.[20] Courts may excuse a failure to timely respond for good cause,[21] but that discretion is broad.[22]

The magistrate judge here relied on six factors to evaluate whether good cause existed to excuse the Monas' conduct: the length of delay, the reason for delay, existence of bad faith, prejudice to the party seeking waiver, the nature of the request, and the harshness of imposing sanctions.[23] In analyzing those good-cause factors, she determined that the Monas' delay was, in

---

[16] *Id.* (internal quotation marks omitted).

[17] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[18] L.R. IB 3-1(b).

[19] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citation omitted).

[20] *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (holding in the context of Rule 33 that a "failure to object" "constitutes waiver of any objection" and "is true even of an objection that the information sought is privileged").

[21] Fed. R. Civ. P. 33(b)(4).

[22] *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

[23] ECF No. 111 at 7:3–10. Magistrate Judge Weksler also considered three factors outlined by the Ninth Circuit in *Burlington Northern & Santa Fe Railway Co. v. United States District Court for the District of Montana*, to determine whether privilege has been waived. *See* ECF No. 111 at 11:7–18 (citing *Burlington*, 408 F.3d at 1149). The Monas do not object to the magistrate judge's findings on these factors.

4

effect, longer than the 15 days that they claim it took them to respond;[24] their pandemic-related reasons for delay were attributable to their decision to prioritize other cases over this one;[25] their continued untimeliness indicated that there was at least a modicum of bad faith;[26] and the plaintiff is unable to adequately litigate this matter without any of the information that he seeks.[27] She also considered the harshness of waiver but concluded that the parties' conduct and other remaining factors militated against excusing their "[un]substantiated privilege assertions."[28]

The Monas do not contend that the magistrate judge failed to consider all the correct factors in determining whether good cause excused their untimely acts,[29] nor could they. They also do not argue that the magistrate judge's factual findings were incorrect when she considered any of those factors. Instead, they argue that she should have given greater weight to some factors and less to others.[30] In effect, the Monas seek a de novo review of the good-cause factors because they disagree with the result. But it is not "[t]he reviewing court[']s]" job to "substitute its judgement for that of the deciding court."[31] While it's possible that the Monas' conduct "support[s] a lesser sanction" as they maintain,[32] they have not identified any precedent that

---

[24] ECF No. 111 at 7:11–25.
[25] *Id.* at 8:24–25, 9:1–7.
[26] *Id.* at 9:8–25.
[27] *Id.* at 10:1–10.
[28] *Id.* at 10:11–24, 11:1–6.
[29] *See* ECF No. 116 at 6 ("Judge Weksler evaluated a number of factors . . . .").
[30] *Id.* at 7 (arguing that the magistrate judge erred in "overemphasiz[ing] the prejudice to [the p]laintiff and" in "not account[ing] for [their] ability to cure the untimely responses").
[31] *Grimes*, 951 F.2d at 241.
[32] ECF No. 116 at 4.

5

requires the court to give greater weight to the harshness of the result than the court's other good-cause considerations, so I will not second-guess the magistrate judge's analysis.

The Monas' remaining argument that their waiver was solely attributable to their former counsel is similarly unpersuasive. The Monas did not raise this basis to diminish the reason-for-delay factor in front of the magistrate judge, so I decline to consider it as a basis to reconsider the magistrate judge's findings.[33] But even were I to consider this argument, clients "ordinarily cannot later avoid accountability for negligent acts or omissions of [their] counsel" after "voluntarily cho[osing] the lawyer as [their] representative and agent."[34] The Monas have offered no basis in the law that changes that proposition, so I overrule their objection.

### III. CV Sciences' objection [ECF No. 117]

Attempting to assert its privilege over the documents that Ina seeks from the Monas, the company moved for a protective order.[35] In granting the motion to compel at a hearing, the

---

[33] *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (declining to consider new evidence on reconsideration); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000) (holding that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation"); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

[34] *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (citation omitted); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'").

[35] The company's motion for protective order did not offer any basis for the order and instead was improperly filed as part of its response to the plaintiff's motion to compel. *See* ECF No. 99 (Clerk's notice that the motion for protective order was filed in violation of Local Rule IC 2-2(b)).

magistrate judge explained that the company also waived its ability to claim privilege over the discovery requests served on the Monas.[36]  She explained that, if the company "believed that . . . the requests improperly sought privileged information, [it] should have filed a motion for protective order close in time to the request."[37]  And she later clarified that she denied the company's motion for a protective order as untimely.[38]  The company now seeks an order clarifying that it did not waive its privilege "as to documents responsive to requests for production served on the Mona [d]efendants."[39]  It argues that its actions do not justify a finding of waiver, and that the magistrate judge applied an inapplicable standard to resolve that issue.

Much like the Monas, the company fails to identify an error of law or mistake of fact in the magistrate judge's ruling.  The company argues that the magistrate judge's waiver finding was unwarranted because it served its own timely responses to the plaintiff's discovery requests and had no idea that the plaintiff believed the Monas had waived any objection until it was too late.  But even if the company timely objected and did not know that the Monas had waived their objections, it concedes that it knew months earlier that the plaintiff was seeking the same documents from both the company and the Monas.[40]  The magistrate judge explained that the correct procedure for the company to assert its privilege over the discovery requests served on the Monas was to seek a protective order.[41]  Once the company knew in April that the plaintiff

---

[36] ECF No. 111 at 12:1–11.

[37] *Id.* at 10:12–17.

[38] ECF No. 109 at 2.

[39] ECF No. 117 at 4.

[40] *See, e.g., id.* at 4 ("In this case, Plaintiff served identical requests for production of documents on the Company and Mona Defendants simultaneously on April 8."), 8–9.

[41] ECF No. 111 at 10:12–17 ("To the extent that any of the defendants truly believed that the requests . . . improperly sought privileged information, they should have filed a motion for a protective order close in time to the request.  They did not."); 8A Charles Alan Wright & Arthur

7

was seeking information it believed was privileged from another party, its job was to pursue protection for those documents. But instead, the company waited until months later to move for that relief.[42] So even if the company is correct that the timely discovery objections it served on Ina and its ignorance of the Monas' conduct do not independently support waiver, it does not argue that its belated motion for a protective order was timely. Because the company does not identify an error in the magistrate judge's timeliness finding, I find that her order was not clearly erroneous.[43]

The company also argues that the magistrate judge's reliance on *Burlington Northern & Santa Fe Railway Co. v. United States District Court for the District of Montana* was an error of law because the factors identified by the Ninth Circuit in that case do not apply here.[44] In *Burlington Northern*, the Ninth Circuit rejected a rule deeming privilege waived if responses aren't served within 30 days, and instead instructed courts to consider a variety of factors to determine when a party waives its privilege objection to a discovery request, including "the timeliness of the objection and accompanying information about the withheld documents."[45]

---

R. Miller, Fed. Prac. & Proc. Civ. § 2035 ("A protective order may be obtained by motion. The motion may be made by any party, including even, in a proper case, the party who is seeking discovery . . . [A] party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.").

[42] *See* ECF No. 109 ("The court finds Defendants' Motion for Protective Order untimely and denies it on that basis.").

[43] While I acknowledge that the company argues its protective-order delay was only a matter of weeks—the time after it was looped in on the plaintiff's meet-and-confers, and before it moved for a protective order—the delay was several months.

[44] ECF No. 117 at 12 (citing *Burlington*, 408 F.3d at 1148, 1149).

[45] *Burlington*, 408 F.3d at 1149.

8

The court explained that the factors are not formulaic and instead "should be applied in the context of a holistic reasonableness analysis."[46]

The magistrate judge applied the *Burlington Northern* factors to the company's conduct and determined that the company's delay barred it from asserting its privilege over the April 2020 requests for production served on the Monas. The company does not assert that the magistrate judge misapplied the timeliness factor but instead argues that *Burlington Northern* does not squarely govern this case because the remaining factors are inapplicable here. That objection is misplaced because, even if the *Burlington Northern* factors do not squarely address the company's conduct, the magistrate judge also considered the fact that "[m]any courts have found that for a Rule 26(c) motion to be timely, it must be made prior to the date set for producing discovery."[47] But Ina did not move for waiver as a discovery sanction against the company, and because the plaintiff's motion was limited to sanctioning the Monas, the magistrate judge did not hold that the company waived its ability to assert privilege over the documents that the plaintiff seeks directly from the company. Instead, she reasoned that the company squandered its ability to protect the Monas' discovery responses from disclosure because its motion for a protective order to do so was untimely. The company has thus not identified an error in the magistrate judge's order, so I overrule its objection.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' objections to the magistrate judge's order **[ECF Nos. 116 & 117] are OVERRULED**. The magistrate judge's order granting the

---

[46] *Id.*

[47] ECF No. 109 at 2 (citation omitted).

motion to compel in part **[ECF No. 108] is AFFIRMED**. Any further request related to the interpretation or impact of that order should be directed to the magistrate judge.

_____
U.S. District Judge Jennifer A. Dorsey
July 14, 2021